IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., JENNIFER PUTNAM,  Plaintiffs,  v.  EASTERN IDAHO REGIONAL MEDICAL CENTER, et al.,  Defendants. | Case No. CV-07-192-E-BLW  **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss and/or stay. The motion is fully brief and at issue. For the reasons expressed below, the Court will deny the motion.

**1.** **Motion to Dismiss**

Putnam filed this qui tam action under the False Claims Act, alleging that Dahlberg and others, including the Eastern Idaho Regional Medical Center, committed Medicaid fraud.

Dahlberg filed a counterclaim alleging that Putnam defamed her, and interfered with her contractual and economic relations, by spreading false

**Memorandum Decision and Order – Page 1**

statements that Dahlberg was "bilking" the Government.  In the motion now before the Court, Putnam seeks to dismiss Dahlberg's counterclaim on the ground that it is too vague.  Primarily, Putnam complains about the defamation claim and so the Court will focus on that claim.  The interference claims are nearly identical and hence the analysis of the defamation claims applies with equal strength to them.

A defamation complaint, like any other civil complaint in federal court, must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," *Fed.R.Civ.P*. 8(a)(2), sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  While the Federal Rules of Civil Procedure require more specific pleading in certain cases, defamation cases are not among them.  *See* Fed.R.Civ.P. 9(b).  Thus, the usual standards of notice pleading apply in defamation cases such as this one.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-14 (2002) (rejecting the argument that a heightened pleading standard should apply in employment discrimination cases); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (rejecting the argument that a heightened pleading standard should apply in § 1983 actions against municipalities).

To prove defamation, Dahlberg must prove that Putnam:  (1) communicated

**Memorandum Decision and Order – Page 2**

information concerning Dahlberg to others; (2) that the information was defamatory; and (3) that Dahlberg was damaged because of the communication. *Clark v. The Spokesman-Review*, 163 P.3d 216 (Id.Sup.Ct. 2007). Dahlberg's complaint alleges that since 2005, Putnam has made false and damaging statements about Dahlberg to others. Dahlberg identifies generally who Putnam talked to ("multiple individuals, SALC subcontractors, businesses with which SALC deals, and others"), and specifically what she said (that Dahlberg was "bilking" the Government, "ripping off" families, and was "going to jail," among other things).

These allegations state a claim for defamation and are sufficiently detailed to pass muster under the notice pleading rules. While Putnam will need additional detail to mount a full defense, she can obtain that in discovery responses and/or depositions. The Court therefore refuses to dismiss the counterclaim or require Dahlberg to file an amendment.

2. **Motion to Stay**

Putnam argues that qui tam counterclaims should be stayed until the qui tam liability is established, and cites *United States ex rel. Madden v. Gen. Dynamics Corp.*, 4 F.3d 827 (9th Cir.1993). In *Madden*, the Circuit clarified earlier caselaw holding that qui tam counterclaims for contribution or indemnity would not be allowed. The *Madden* decision held that other types of counterclaims that

**Memorandum Decision and Order – Page 3**

contained allegations of independent damages, like a defamation claim, would be permitted.

It is clear that *Madden* allows the type of counterclaim brought by Dahlberg. Putnam argues, however, that *Madden* requires that the counterclaim wait for the resolution of the qui tam action. The Court disagrees.

*Madden* only noted in dicta that "[i]t is possible" to resolve first the qui tam defendant's liability before reaching the counterclaims. *Id*. at 831. The case never held that the counterclaims must be stayed in every case. Indeed, the stay of counterclaims was suggested as a way to counter a move by a party to do "an end run around *Mortgages*," the case that prohibited qui tam counterclaims from alleging contribution or indemnity. *See Mortgages, Inc. v. United States District Court for the District of Nevada,* 934 F.2d 209 (9th Cir.1991). In other words, if the Court feared that a counterclaim might be a contribution or indemnity claim in disguise, it could stay the counterclaim until the qui tam issue was resolved.

That is not the case here. The defamation and interference claims are not akin to contribution or indemnity claims because Dahlberg will only prevail if the False Claim Act allegations fail. A stay would not promote efficiency because the claims and counterclaims are intertwined and could more easily be subjected to discovery and trial at the same time. The Court may, of course, control the order in

**Memorandum Decision and Order – Page 4**

which the evidence is presented and the issues are submitted to the jury so as to avoid prejudice to any of the parties.  Finally, there is little likelihood that the counterclaims will chill Putnam now that the Government has intervened on her behalf.  The Court therefore refuses to stay this action.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss and/or stay (docket no. 125) is DENIED.

Additionally, the hearing scheduled on October 21, 2008 at 1:00 p.m. in Pocatello, Idaho, is hereby VACATED.



DATED:  **October 3, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 5**