IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel., JENNIFER PUTNAM<br><br>  Plaintiffs,<br><br>v.<br><br>EASTERN IDAHO REGIONAL<br>MEDICAL CENTER, et al.,<br><br>  Defendants. | Case No. CV-07-192-E-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it a Motion to Dismiss or Stay the Counterclaim of Stevens (Docket No. 138), a Motion to Amend Answer for Corrections and Counterclaim (Docket No. 139), and a Motion to Strike Relator's Counterclaim Against Michelle Dahlberg (Docket No. 145). The Court has determined that the decisional process on these motions would not be significantly aided by oral argument. Therefore, the Court will address the motions without a hearing.

## BACKGROUND

Jennifer Putnam filed this qui tam action under the False Claims Act, alleging that defendants Eastern Idaho Regional Medical Center, Madison

Memorial Hospital, Idaho Falls Recover Center, Stevens, and Dahlberg committed Medicaid fraud.  Some defendants have been dismissed by stipulation, and some defendants have filed counterclaims against Putnam.  Earlier this year, Putnam filed a motion to dismiss or stay Dahlberg's counterclaim, which the Court denied (See Docket No. 142).

The Court now has before it a somewhat tangled web of motions, some of which have not been fully briefed, notwithstanding the fact that the time for responding to them has passed.  Therefore, the Court will address the motions based on the limited briefs now before it.

## ANALYSIS

**I.     Dahlberg's Motion to Strike Putnam's Counterclaim**

The Court's Case Management Order sets March 15, 2008 as the deadline for amendment of pleadings and joinder of parties.  Prior to that deadline, on February 11, 2008, Dahlberg filed a motion for leave to amend to assert a counterclaim against Putnam.  No response, opposition or non-opposition was filed, and the Court granted the motion on April 21, 2008, directing Dahlberg to file her amended pleading.  Dahlberg complied and filed her counterclaim the next day, asserting defamation and other related claims against Putnam.

Putnam subsequently filed a motion to dismiss or stay Dahlberg's

**Memorandum Decision and Order – Page 2**

counterclaim, which the Court denied in its October 3, 2008 Memorandum Decision and Order (See Docket No. 142). On October 16, 2008, Putnam filed her Answer to Dahlberg's counterclaim, and asserted her own counterclaim against Dahlberg, alleging similar defamation and related claims as those asserted by Dahlberg against Putnam.

On October 27, 2008, Dahlberg filed a motion to strike Putnam's counterclaim against her. Dahlberg suggests that Putnam's counterclaim is untimely. The Court disagrees. Putnam filed a proper response to Dahlberg's counterclaim by filing her motion to dismiss the counterclaim on May 12, 2008. The motion argued that the defamation claim is not proper in this qui tam action, or, at the very least, such a claim should be stayed until the original claims are sorted out. As suggested by Putnam, it made little sense to also file a counterclaim at that point because it would have been moot had the Court granted Putnam's motion to dismiss or stay Dahlberg's counterclaim. Once the Court denied that motion on October 3, 2008, Putnam timely filed her answer and counterclaim on October 16, 2008.

Moreover, as indicated in the Court's earlier decision, the original claims and Dahlberg's counterclaims are intertwined and could more easily be subjected to discovery and trial at the same time in this matter. Putnam's counterclaim is

**Memorandum Decision and Order – Page 3**

also intertwined. Thus, a separate action involving Putnam's defamation and related claims would be judicially inefficient. Accordingly, the Court will deny the motion to strike.

However, the Court will allow Dahlberg a degree of latitude with discovery, including, as needed, an additional deposition of Putnam and/or additional interrogatories and requests for production related to Putnam's counterclaim against Dahlberg, in order not to prejudice Dahlberg. The Court expects counsel to work together in this endeavor.

## II. Motions Related to Defendant Stevens

After seeking and obtaining leave of the Court, Putnam filed her First Amended Complaint on April 22, 2008. Nearly four months later, Stevens filed his Answer and Counterclaim on August 20, 2008. On September 5, 2008[1], Putnam filed a motion, similar to the earlier motion filed against Defendant Dahlberg, asking the Court to dismiss or stay Defendant Stevens' counterclaims, but also asserting that Stevens' counterclaim was untimely. Stevens failed to respond to the motion, and the time for filing a response has long passed. Instead, on September 16, 2008, Stevens filed what he termed a Motion to Amend Answer for Corrections

---

[1] The motion was filed as docket no. 137. Due to an incorrect filing with CM/ECF, Putnam was required to re-file the motion, which she did on September 9, 2008 as docket no. 138.

**Memorandum Decision and Order – Page 4**

and Counterclaim.

Pursuant to Federal Rule of Civil Procedure 15(a), "[u]nless the Court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, which ever is later." F.R.C.P. 15(a)(3). In this case, the time for responding to the original pleading is long passed, so Stevens had 10 days after service of the amended pleading to respond. Stevens' four-month delay falls well outside that deadline.

Stevens apparently concedes the tardiness of his counterclaim, and asks the Court for leave to file the belated response at this point. In his Motion to Amend Answer for Corrections and Counterclaim, which is apparently Stevens' response to Putnam's motion to dismiss as well as a request to amend his earlier response, Stevens states that there is no substantial prejudice in allowing the amendment because this case is in the early stages of discovery.

Generally, a party may amend its pleading by written consent of the adverse party or by leave of court freely given. F.R.C.P. 15(a)(2). However, once the court enters a scheduling order, as has occurred in this case pursuant to Rule 16(b), the more restrictive provisions of that subsection requiring a showing of "good cause" for failing to amend prior to the deadline apply. *Coleman v. Quaker Oats,*

**Memorandum Decision and Order – Page 5**

232 F.3d 1271, 1294 (9th Cir. 2000).  The relevant inquiry under Rule 16(b) is the diligence of the party seeking the amendment and not any potential prejudice to the opposing party.  *Id.*;  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).  Any prejudice to the opposing party can be an additional reason to deny a motion to amend, but it is not the main focus of the Court's inquiry.  *Johnson*, 975 F.2d at 609.

Although Stevens' diligence is somewhat suspect here, the Court finds that, given the tangled web of motions, complicated to some degree by the number of parties to this litigation and coupled with the fact that sufficient time for discovery remains before dispositive motions are due, good cause exists for allowing Stevens to amend his answer and counterclaim.  Accordingly, the Court will grant Stevens' motion and give him a chance to file an amended answer and counterclaim.  The Court will deny without prejudice Putnam's motion and give her an opportunity to re-file the motion to dismiss after Stevens files his answer and counterclaim.

However, in the interest of moving this case forward without more delay, the Court strongly suggests that the parties review the Court's earlier decision on Putnam's motion to dismiss or stay Dahlberg's counterclaim (Docket No. 145) before filing any amendments or motions related to Stevens' counterclaim.  Specifically, to the extent applicable, the Court expects Stevens' amended answer

**Memorandum Decision and Order – Page 6**

and counterclaim to comply with the law as outlined in that decision, and the Court expects Putnam to only file a motion to dismiss or stay if Stevens' amended pleading does not meet that standard. The Court will set forth the expedited schedule for dealing with this issue below.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion Amend Answer for Corrections and Counterclaim (Docket No. 139) shall be, and the same is hereby, GRANTED. Stevens must file his amended answer and counterclaim no later than December 17, 2008. The Court reminds counsel to consider the Court's earlier decision when drafting the amended answer and counterclaim.

IT IS FURTHER ORDERED that the Motion to Dismiss or Stay the Counterclaim of Stevens (Docket No. 138) shall be, and the same is hereby DENIED without prejudice. Putnam may re-file her motion to dismiss or stay no later than December 23, 2008. The Court reminds counsel to consider the Court's earlier decision when making a decision on whether to re-file the motion.

IT IS FURTHER ORDERED that Docket No. 137, which was incorrectly filed and later filed as Docket No. 138, is hereby DEEMED MOOT.

IT IS FURTHER ORDERED that the a Motion to Strike Relator's Counterclaim Against Michelle Dahlberg (Docket No. 145) shall be, and the same

**Memorandum Decision and Order – Page 7**

is hereby, DENIED.



DATED: **December 12, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 8**