UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----ooOoo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. JENNIFER PUTNAM,<br><br>       Plaintiff,<br>   v.<br><br>EASTERN IDAHO REGIONAL MEDICAL CENTER; EASTERN IDAHO HEALTH SERVICES, INC.; THE BOARD OF TRUSTEES OF MADISON MEMORIAL HOSPITAL, a/k/a, d/b/a MADISON MEMORIAL HOSPITAL; IDAHO FALLS RECOVERY CENTER; MATTHEW STEVENS; MICHELLE DAHLBERG; SPEECH AND LANGUAGE CLINIC, INC.; PREMIER THERAPY ASSOCIATES, INC., a/k/a THERAPY SERVICES, INC., a/k/a TETON SPEECH LANGUAGE PATHOLOGY, INC.; HCA INC., a/k/a HCA - THE HEALTHCARE COMPANY; HCA - MANAGEMENT SERVICES, L.P.; HTI HOSPITAL HOLDINGS, INC.; HEALTH TRUST, INC. - THE HOSPITAL COMPANY; and DOES 1 through 50,<br><br>      Defendants.<br>_____/ | NO. CIV. 07-192 E-BLW<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>MOTION FOR RECONSIDERATION</u> |

----ooOoo----

On September 8, 2009, the court denied defendants Michelle Dahlberg and Speech and Language Clinic Inc.'s

1

("defendants") motion to dismiss qui tam Relator Jennifer Putnam's ("Relator") First Amended Complaint for lack of subject matter jurisdiction. Defendants specifically argued that the jurisdictional bar provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(e)(4)(A), deprived this court of jurisdiction over Relator's qui tam action because the allegations of fraud in her First Amended Complaint were publicly disclosed before she initiated this action. Pursuant to Federal Rule of Civil Procedure 59(e), defendants now move for reconsideration of the court's September 8, 2009 Order.

A district court may grant a Rule 59(e) motion for reconsideration "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (internal quotation marks omitted). Defendants seek reconsideration under the second criteria, arguing that the court committed clear error in maintaining jurisdiction over Relator's qui tam action and that the court's September 8, 2009 Order was manifestly unjust.

In finding that § 3730(e)(4)(A) does not deprive the court of jurisdiction over Relator's qui tam action, this court addressed each of the three avenues that defendants contended resulted in a public disclosure: 1) Relator's disclosures about the alleged fraud to the Idaho Department of Health and Welfare ("DHW"); 2) DHW's audit of defendants and Idaho Falls Recovery Center ("IFRC"), including DHW's and IFRC's communications about the audit with Relator and defendants' and IFRC's employees and

independent contractors; and 3) statements Relator made in a deposition for a previous state court action. Defendants only seek reconsideration of the court's finding that a public disclosure did not occur based on Relator's statements in the deposition for the prior state court action.

As the court identified in its September 8, 2009 Order, the first inquiry under the jurisdictional bar provision of the FCA is whether the alleged public disclosure at issue originated in one of the fora enumerated in § 3730(e)(4)(A). United States ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1199 (9th Cir. 2009). The fora, which most courts divide into three categories, are limited to: "(1) 'a criminal, civil, or administrative hearing'; (2) 'a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation'; and (3) 'the news media.'" United States ex rel. Bly-Magee v. Premo, 470 F.3d 914, 917 (9th Cir. 2006) (quoting § 3730(e)(4)(A)). Based on the plain language of the statute, plaintiff's disclosures made during the deposition for the state court proceeding could only come within the first category of fora, i.e., a "public disclosure of allegations or transactions in a [] civil . . . hearing." 31 U.S.C. § 3730(e)(4)(A).

Relying on highly persuasive Ninth Circuit precedent and what appears to be the majority approach in the circuits, this court concluded that discovery documents that are not publicly filed with a court cannot constitute a "public disclosure of allegations or transactions in a [] civil . . . hearing." While Relator may have divulged certain allegations underlying her qui tam action in the deposition at issue, this

court concluded that a public disclosure under § 3730(e)(4)(A) could not have occurred because the deposition transcript was never filed with the state court and hence was only "'theoretically available'" to the public. United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1519-20 (9th Cir. 1995), (quoting United States ex rel. Springfield Terminal Ry. Co. v. Quinn, 14 F.3d 645, 652 (D.C. Cir. 1994)), rev'd on other grounds, Hughes Aircraft Co. v. United States ex rel. Schumer, 520 U.S. 939 (1997).

Defendants do not ask the court to reconsider this conclusion; instead, they argue that, even if Relator's deposition transcript did not result in a public disclosure, her testimony during the deposition resulted in a public disclosure to the litigants, attorneys, and court reporter present for the deposition. Because the deposition transcript could not constitute a public disclosure "in a civil hearing" unless the transcript was filed with the state court, it must follow that the testimony given at the deposition--standing alone--cannot constitute a public disclosure "in a civil hearing." Put another way, the requirement that the transcript from a deposition be filed with the court in order to constitute a "public disclosure" in a civil hearing would be meaningless if a public disclosure occurs simply because someone at the deposition was an outsider to the information.[1]

---

[1] The court is mindful that, under different circumstances, it could be argued that a disclosure at a deposition comes within one of the fora enumerated in § 3730(e)(4)(A), such as the production of a congressional report at a deposition.

4

Defendants' argument that a public disclosure under § 3730(e)(4)(A) occurred based on the deposition testimony given in front of outsiders to the investigation also ignores the first step in the inquiry: "First, 'we must decide whether the public disclosure originated in one of the sources enumerated in the statute.'" Meyer, 565 F.3d at 1199. The Ninth Circuit has further held that the sources enumerated in the statute are the exclusive means by which a public disclosure can occur under the statute. See United States ex rel. Haight v. Catholic Healthcare W., 445 F.3d 1147, 1153-55 (9th Cir. 2006) (explaining that Congress "limit[ed] the enumerated sources to th[e] narrow list" in § 3730(e)(4)(A) and holding that a document obtained pursuant to the Freedom of Information Act ("FOIA") does not constitute a public disclosure under the subsection unless the document was "from one of the sources enumerated in the statute").[2] Accordingly, a disclosure of allegations underlying a qui tam action made outside of one of the enumerated fora--whether made

---

[2] Defendants rely on U.S. ex rel. Fine v. Advanced Sciences, Inc., 99 F.3d 1000 (10th Cir. 1996), which held that § 3730(e)(4)(A) "defines the sources of allegations and transactions which trigger the bar but it does not define the only means by which public disclosure can occur." Id. at 1004. This distinction, however, is inconsistent with Ninth Circuit precedent. See Haight, 445 F.3d at 1156 ("We hold that whether a document obtained via FOIA request should invoke the jurisdictional bar should be determined by reference to the nature of that document itself. If the document obtained via FOIA request is a public disclosure of a 'criminal, civil, or administrative hearing, . . . a congressional, administrative, or [General] Accounting Office report, hearing, audit, or investigation, or [is] from the news media,' then the jurisdictional bar is applicable. If, as was the case here, the document obtained via FOIA does not *itself* qualify as an enumerated source, its disclosure in response to the FOIA request does not make it so.") (omission and alterations in original) (underscored emphasis added).

5

at a public park or in a deposition--simply cannot constitute a "public disclosure" under § 3730(e)(4)(A).

IT IS THEREFORE ORDERED THAT defendants' motion for reconsideration of the court's September 8, 2009 Order be, and the same hereby is, DENIED.

DATED: November 2, 2009

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE