UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----ooOoo----

UNITED STATES OF AMERICA,
ex rel. JENNIFER PUTNAM,

              Plaintiff,

     v.

EASTERN IDAHO REGIONAL MEDICAL
CENTER; EASTERN IDAHO HEALTH
SERVICES, INC.; THE BOARD OF
TRUSTEES OF MADISON MEMORIAL
HOSPITAL, a/k/a, d/b/a MADISON
MEMORIAL HOSPITAL; IDAHO FALLS
RECOVERY CENTER; MATTHEW
STEVENS; MICHELLE DAHLBERG;
SPEECH AND LANGUAGE CLINIC,
INC.; PREMIER THERAPY
ASSOCIATES, INC., a/k/a THERAPY
SERVICES, INC., a/k/a TETON
SPEECH LANGUAGE PATHOLOGY, INC.;
HCA INC., a/k/a HCA - THE
HEALTHCARE COMPANY; HCA -
MANAGEMENT SERVICES, L.P.; HTI
HOSPITAL HOLDINGS, INC.; HEALTH
TRUST, INC. - THE HOSPITAL
COMPANY; and DOES 1 through 50,

              Defendants.
_____/

NO. CIV. 07-192 E-BLW

MEMORANDUM AND ORDER RE:
MOTION FOR RECONSIDERATION

----ooOoo----

     On September 8, 2009, the court denied defendants
Michelle Dahlberg and Speech and Language Clinic Inc.'s

1

1   ("defendants") motion to dismiss <u>qui tam</u> Relator Jennifer

2   Putnam's ("Relator") First Amended Complaint for lack of subject

3   matter jurisdiction.  Defendants specifically argued that the

4   jurisdictional bar provision of the False Claims Act ("FCA"), 31

5   U.S.C. § 3730(e)(4)(A), deprived this court of jurisdiction over

6   Relator's <u>qui tam</u> action because the allegations of fraud in her

7   First Amended Complaint were publicly disclosed before she

8   initiated this action.  Pursuant to Federal Rule of Civil

9   Procedure 59(e), defendants now move for reconsideration of the

10  court's September 8, 2009 Order.

11          A district court may grant a Rule 59(e) motion for

12  reconsideration "if the district court (1) is presented with

13  newly discovered evidence, (2) committed clear error or the

14  initial decision was manifestly unjust, or (3) if there is an

15  intervening change in controlling law." <u>Zamani v. Carnes</u>, 491

16  F.3d 990, 997 (9th Cir. 2007) (internal quotation marks omitted).

17  Defendants seek reconsideration under the second criteria,

18  arguing that the court committed clear error in maintaining

19  jurisdiction over Relator's <u>qui tam</u> action and that the court's

20  September 8, 2009 Order was manifestly unjust.

21          In finding that § 3730(e)(4)(A) does not deprive the

22  court of jurisdiction over Relator's <u>qui tam</u> action, this court

23  addressed each of the three avenues that defendants contended

24  resulted in a public disclosure: 1) Relator's disclosures about

25  the alleged fraud to the Idaho Department of Health and Welfare

26  ("DHW"); 2) DHW's audit of defendants and Idaho Falls Recovery

27  Center ("IFRC"), including DHW's and IFRC's communications about

28  the audit with Relator and defendants' and IFRC's employees and

2

1  independent contractors; and 3) statements Relator made in a

2  deposition for a previous state court action.  Defendants only

3  seek reconsideration of the court's finding that a public

4  disclosure did not occur based on Relator's statements in the

5  deposition for the prior state court action.

6        As the court identified in its September 8, 2009 Order,

7  the first inquiry under the jurisdictional bar provision of the

8  FCA is whether the alleged public disclosure at issue originated

9  in one of the fora enumerated in § 3730(e)(4)(A).  United States

10 ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1199 (9th

11 Cir. 2009).  The fora, which most courts divide into three

12 categories, are limited to: "(1) 'a criminal, civil, or

13 administrative hearing'; (2) 'a congressional, administrative, or

14 Government Accounting Office report, hearing, audit, or

15 investigation'; and (3) 'the news media.'"  United States ex rel.

16 Bly-Magee v. Premo, 470 F.3d 914, 917 (9th Cir. 2006) (quoting §

17 3730(e)(4)(A)).  Based on the plain language of the statute,

18 plaintiff's disclosures made during the deposition for the state

19 court proceeding could only come within the first category of

20 fora, i.e., a "public disclosure of allegations or transactions

21 in a [] civil . . . hearing."  31 U.S.C. § 3730(e)(4)(A).

22       Relying on highly persuasive Ninth Circuit precedent

23 and what appears to be the majority approach in the circuits,

24 this court concluded that discovery documents that are not

25 publicly filed with a court cannot constitute a "public

26 disclosure of allegations or transactions in a [] civil . . .

27 hearing."  While Relator may have divulged certain allegations

28 underlying her qui tam action in the deposition at issue, this

3

1   court concluded that a public disclosure under § 3730(e)(4)(A)

2   could not have occurred because the deposition transcript was

3   never filed with the state court and hence was only

4   "'theoretically available'" to the public.  United States ex rel.

5   Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1519-20 (9th Cir.

6   1995), (quoting United States ex rel. Springfield Terminal Ry.

7   Co. v. Quinn, 14 F.3d 645, 652 (D.C. Cir. 1994)), rev'd on other

8   grounds, Hughes Aircraft Co. v. United States ex rel. Schumer,

9   520 U.S. 939 (1997).

10          Defendants do not ask the court to reconsider this

11   conclusion; instead, they argue that, even if Relator's

12   deposition transcript did not result in a public disclosure, her

13   testimony during the deposition resulted in a public disclosure

14   to the litigants, attorneys, and court reporter present for the

15   deposition.  Because the deposition transcript could not

16   constitute a public disclosure "in a civil hearing" unless the

17   transcript was filed with the state court, it must follow that

18   the testimony given at the deposition--standing alone--cannot

19   constitute a public disclosure "in a civil hearing."  Put another

20   way, the requirement that the transcript from a deposition be

21   filed with the court in order to constitute a "public disclosure"

22   in a civil hearing would be meaningless if a public disclosure

23   occurs simply because someone at the deposition was an outsider

24   to the information.[1]

25

26          [1]    The court is mindful that, under different
circumstances, it could be argued that a disclosure at a
27   deposition comes within one of the fora enumerated in §
3730(e)(4)(A), such as the production of a congressional report
28   at a deposition.

4

1           Defendants' argument that a public disclosure under §

2  3730(e)(4)(A) occurred based on the deposition testimony given in

3  front of outsiders to the investigation also ignores the first

4  step in the inquiry: "First, 'we must decide whether the public

5  disclosure originated in one of the sources enumerated in the

6  statute.'" <u>Meyer</u>, 565 F.3d at 1199.  The Ninth Circuit has

7  further held that the sources enumerated in the statute are the

8  <u>exclusive</u> means by which a public disclosure can occur under the

9  statute.  See <u>United States ex rel. Haight v. Catholic Healthcare</u>

10  <u>W.</u>, 445 F.3d 1147, 1153-55 (9th Cir. 2006) (explaining that

11  Congress "limit[ed] the enumerated sources to th[e] narrow list"

12  in § 3730(e)(4)(A) and holding that a document obtained pursuant

13  to the Freedom of Information Act ("FOIA") does not constitute a

14  public disclosure under the subsection unless the document was

15  "from one of the sources enumerated in the statute").[2]

16  Accordingly, a disclosure of allegations underlying a <u>qui tam</u>

17  action made outside of one of the enumerated fora--whether made

18

19       [2]    Defendants rely on <u>U.S. ex rel. Fine v. Advanced</u>
    <u>Sciences, Inc.</u>, 99 F.3d 1000 (10th Cir. 1996), which held that §
20  3730(e)(4)(A) "defines the <u>sources</u> of allegations and
    transactions which trigger the bar but it does not define the
21  only <u>means</u> by which public disclosure can occur."  <u>Id.</u> at 1004.
    This distinction, however, is inconsistent with Ninth Circuit
22  precedent.  <u>See Haight</u>, 445 F.3d at 1156 ("We hold that whether a
    document obtained via FOIA request should invoke the
23  jurisdictional bar should be determined by reference to the
    nature of that document itself.  If the document obtained via
24  FOIA request is a public disclosure of a 'criminal, civil, or
    administrative hearing, . . . a congressional, administrative, or
25  [General] Accounting Office report, hearing, audit, or
    investigation, or [is] from the news media," then the
26  jurisdictional bar is applicable.  If, as was the case here, the
    document obtained via FOIA <u>does not <i>itself</i> qualify as an</u>
27  <u>enumerated source</u>, its disclosure in response to the FOIA request
    does not make it so.") (omission and alterations in original)
28  (underscored emphasis added).

1  at a public park or in a deposition--simply cannot constitute a

2  "public disclosure" under § 3730(e)(4)(A).

3           IT IS THEREFORE ORDERED THAT defendants' motion for

4  reconsideration of the court's September 8, 2009 Order be, and

5  the same hereby is, DENIED.

6  DATED:  November 2, 2009

7

8                          WILLIAM B. SHUBB

9                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6